THEODORE F. McDANIEL,

*vs.*

SAMUEL A. McDANIEL, II, and GRACE McDANIEL.

*New Castle, July 3, 1953.*

*James R. Morford* and *George L. Sands*, of Morford, Bennethum & Marvel, of Wilmington, for plaintiff.

*Henry A. Wise, Jr.*, of Wilmington, for defendants.

BRAMHALL, Vice Chancellor: The defendants are husband and wife and the defendant Samuel A. McDaniel, II, is the son of plaintiff. Sometime prior to August 13, 1947, plaintiff, a man seventy-six years of age, consulted defendants relative to the purchase of the premises at 200 Champlain Avenue, Bellemoor, New Castle County, Delaware. Plaintiff suggested to defendants that defendants purchase the property in question; that plaintiff would take a mortgage of $7,500 on the property, which was to cost $13,500; that plaintiff would occupy the second floor of the property and the defendants and their family the first floor. The conversation between the parties resulted in plaintiff purchasing the property for the sum of $13,500 and the plaintiff reconveying the property to defendants subject to a purchase money mortgage in the sum of $7,500, payable one month after date. At the same time an agreement in writing was entered into between the parties providing, in substance, that the defendants would permit plaintiff to occupy the entire second floor of the premises and that the defendants would furnish the plaintiff water and heat therefor and permit ingress and egress by the defendant at all times. Plaintiff in turn agreed that so long as he occupied the second floor of said dwelling and so long as defendants furnished him with water and heat with the right of ingress and egress at all times, he would waive all interest payments on the mortgage. It was stipulated that should plaintiff remove from the dwelling for any cause, any interest due and owing up to the time of plaintiff's removal should be deemed as fully paid. It is recited in this agreement, as a consideration for the undertaking of plaintiff, that plaintiff would be permitted to occupy the second floor of the home for life.

Defendants allege, and it is admitted by plaintiff, that plaintiff orally agreed to execute a last will and testament providing that all moneys which might be due by defendants to plaintiff

under said mortgage would be given to the defendants absolutely. Plaintiff executed a last will and testament providing, *inter alia*, that all moneys due plaintiff by defendants on the mortgage should be given to the defendant Samuel A. McDaniel, II, upon the death of the plaintiff. Sometime after settlement for the home the following memorandum of this agreement, prepared by counsel for the parties, was signed by both plaintiff and defendants:

"Re: Conferences with Theodore F. McDaniel, Samuel A. McDaniel, II, and his wife, Grace McDaniel, on or about August 13, 1947.

"Mr. Theodore McDaniel informed me that he wanted to purchase the home of Roderick Cunningham at 200 Champlain Avenue, Bellemoor, Delaware, and to transfer that home to his son and daughter-in-law, Samuel A. McDaniel and Grace B. McDaniel, and take back a Seventy-five Hundred Dollar, four and a half per cent mortgage and make a Will leaving the mortgage to his son and daughter-in-law, whichever survived him.

"He further informed me that his son and daughter-in-law were agreeable to entering into this arrangement in consideration of his making a Will leaving the mortgage to them at the time of the death.

"Pursuant to this understanding between the parties, I represented all parties and prepared an agreement regarding maintaining a home for Mr. Theodore McDaniel at 200 Champlain Avenue and a Will leaving the mortgage to Samuel A. McDaniel, II."

The parties took possession of the premises immediately after the settlement, the plaintiff occupying the second floor thereof as agreed to by the parties. He remained until April 29, 1952, when, because of difficulties between plaintiff and defendants, he moved out. Since the removal of plaintiff from the premises, defendants have been paying to plaintiff the interest due on the mortgage of $7,500 from the date of plaintiff's removal.

Plaintiff contends that he is entitled to foreclose for the balance of principal due on the mortgage. Defendants contend that plaintiff orally agreed to make a will leaving to defendant Samuel A. McDaniel, II, the balance due on the mortgage at the time of plaintiff's death; that defendants have lived up to the terms of their agreement with plaintiff and that plaintiff cannot therefore demand the return of the sum of $7,500. Plaintiff asserts in reply that the oral agreement, of which a written memorandum was made, signed by all the parties, is inadmissible in that it constitutes an attempted

modification or variation of the bond and mortgage given at the same time.

Difficulties arose between plaintiff and defendants almost immediately after their joint occupancy of the home. It is clear from the testimony that neither of the parties was content with the arrangement. Fortunately I do not find it necessary to consider in detail these various complaints. It is sufficient to say that neither the plaintiff nor the defendants were able to adjust themselves to living together under the same roof and that all of the parties became dissatisfied with the arrangement. I conclude from this testimony and from the demeanor of the parties on the witness stand that whatever the arrangement between them was in the beginning it was terminated by mutual consent.

Defendants contend that they performed their part of the agreement when they purchased the home at the request of the plaintiff and allowed him to occupy the second floor. I do not agree with their contention. Assuming the admissibility of the alleged oral agreement and that there was sufficient consideration therefor, defendants did not fully perform. Plaintiff testified that he was to have a home for the balance of his life. This is denied by defendants. The memorandum of the oral agreement is silent in this respect. However, in the written agreement executed by the parties at the time of the settlement for the real estate, it is recited that plaintiff shall have a home for the balance of his life and that defendants were willing to provide the same for him. It is also recited that interest payments shall be waived only while plaintiff shall remain in the home. Defendants clearly indicated to plaintiff their desire for him to vacate the premises. They are still unwilling for him to return. They have therefore not carried out in full their part of the agreement.

I conclude that plaintiff is entitled to demand payment of the balance due on the bond and mortgage.

An order will be signed, on notice, in accordance with this opinion.